UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUNE YOUNG JANG, CHEONG TAE HWANG, SEUNG TAE HWANG, and HYUN WOO JUNG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAKE SB, INC. dba SHABURO, and KANG HYUN SUNG aka KEN SUNG,<br><br>Defendants, | Index No. 25-cv-2383<br><br><br><br>**COLLECTIVE AND CLASS COMPLAINT** |

Plaintiffs June Young Jang, Cheong Tae Wang, Seung Tae Hwang, and Hyun Woo Jung (collectively "Individual Plaintiffs"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by and through their undersigned counsel, as and for their Complaint in this action against Jake SB, Inc. (defendant "Jake SB") and Kang Hyun Sung as known as Ken Sung (defendant "Sung") (collectively "Defendants"), alleges as follows:

## I.   NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages, overtime compensation, misappropriated tips, and other wages for Plaintiff and her similarly situated co-workers – servers and all other tipped, hourly food service workers (i.e. bussers, hosts, etc.) who work or have worked at Defendants' Shaburo Restaurant ("Shaburo"), located in Palisades Park, New Jersey.

1

2. Plaintiffs June Young Jang, Cheong Tae Wang, Seung Tae Hwang, and Hyun Woo Jung, individually and on behalf of all other similarly situated current or former employees, bring this action on behalf of herself and similarly situated current and former tipped, hourly food service workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), and specifically the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and hour provisions of the FLSA by Defendants that have deprived Individual Plaintiffs and other similarly situated employees of their lawfully earned wages.

3. Individual Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former tipped, hourly food service workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a) et seq. ("NJ WHL").

## II.   JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 as this action involves federal questions regarding the deprivation of Plaintiff's rights under FLSA. The Court has supplemental jurisdiction over Plaintiff's related State law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## III.   PARTIES

**Individual Plaintiffs – Plaintiff June Young Jang ("June")**

6. Plaintiff June is an adult individual residing in the State of New Jersey.

7. June began working as a server for Defendants at Shaburo in September 2022.

8. June currently works as a server for Defendants at Shaburo.

**Individual Plaintiffs – Plaintiff Cheong Tae Hwang ("Cheong")**

9. Plaintiff Cheong is an adult individual residing in the State of New Jersey.

10. Cheong began working as a server for Defendants at Shaburo in October 2021.

11. Cheong currently works as a server for Defendants at Shaburo.

**Individual Plaintiffs – Plaintiff Seung Tae Hwang ("Seung")**

12. Plaintiff Seung is an adult individual residing in the State of New Jersey.

13. Seung began working as a server for Defendants at Shaburo in October 2022.

14. Seung currently works as a server for Defendants at Shaburo.

**Individual Plaintiffs – Plaintiff Hyun Woo Jung ("Hyun")**

15. Plaintiff Hyun is an adult individual residing in the State of New Jersey.

16. Hyun began working as a server for Defendants at Shaburo in October 2022.

17. Hyun currently works as a server for Defendants at Shaburo.

**Defendants**

18. Defendant Jake SB, Inc. is a company based in New Jersey with its principal place of business at 520 Bergen Blvd Ste 2, Palisades Park, NJ 07650.

19. Defendant KANG HYUN SUNG ("Sung") is an individual who at all times relevant herein, owned, operated, and/or controlled the day-to-day operations and management of Defendant Jake SB.

20. Both Defendants jointly own and operate Shaburo, a Korean-style hot pot restaurant located at 520 Bergen Blvd, Ste 2, Palisades Park, NJ 07650.

21. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein the course and scope of their employment with and for the benefits of Defendants

22. All Defendants are jointly and severally liable for their multiple violations of the FLSA, NJ WHL, and NJ common law.

### IV.    COLLECTIVE ACTION ALLEGATION

23. Individual Plaintiffs bring Count I and Count II below, alleging FLSA violations, on behalf of himself and all similarly situated persons who have worked for Defendants as tipped, hourly food service workers at Shaburo in Palisades Park, New Jersey, who elect to opt-in to this action (the "FLSA Collective").

24. Consistent with Defendants' policy and pattern or practice, Individual Plaintiffs and the FLSA Collective were not paid minimum wages for all hours they worked and/or premium overtime compensation for all hours they worked beyond 40 hours per workweek.

25. There are likely numerous similarly situated current and former employees of Defendants in the positions of the FLSA Collective who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

26. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records that they are required to create and maintain under applicable federal and state law. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## V.     CLASS ACTION ALLEGATION

27. The claims in this Complaint arising under NJ WHL (Count III and Count IV) and New Jersey common laws (Counts V and Count VI) are brought by Individual Plaintiffs under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class consisting of all similarly situated non-exempt employees (i.e., servers and other tipped employees) who work or have worked at Shaburo within the past six years (the "Rule 23 Class").

28. The members of the Rule 23 Class are so numerous that joinder of all members is impracticable. While the exact number of Rule 23 Class members is unknown to Individual Plaintiffs at this time, there are believed to be over fifty such individuals. The identity of the Rule 23 Class members is known to Defendants and is contained in employment records that Defendants are required to create and maintain under state and federal law.

29. Individual Plaintiffs' claims are typical of the claims of other Rule 23 Class members, as Individual Plaintiffs and all other class members sustained damages due to Defendants' violations of the NJ WHL and New Jersey common law.

30. Specifically, the Rule 23 Class members, having worked for Defendants as servers and other tipped employees, have sustained similar damages due to Defendants' failure to comply with the NJWHL and New Jersey common law, including but not limited to damages arising from Defendants' failure to pay the proper minimum wage and overtime, as well as improper tip and wage deductions.

31. Individual Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class and have retained counsel competent and experienced in complex class action litigation.

32. Individual Plaintiffs have no interests that are contrary to or in conflict with those of the other members of the Rule 23 Class.

33. Individual Plaintiffs are unaware of any difficulties that would arise in managing this litigation as a class action.

34. Common questions of law and fact exist as to all members of the Rule 23 Class and predominate over any questions affecting solely individual members. Among the questions of law and fact common to the Rule 23 Class are:

    (a) Whether Defendants violated the NJWHL and supporting regulations as alleged herein;

    (b) Whether Defendants failed to pay at least the minimum wage to Individual Plaintiffs and the Rule 23 Class members for hours worked up to 40 hours per workweek;

    (c) Whether Defendants failed to pay overtime compensation to Individual Plaintiffs and the Rule 23 Class members for hours worked in excess of 40 per workweek;

    (d) Whether Defendants unlawfully retained a portion of Plaintiff's and the Rule 23 Class members' tips;

    (e) Whether Defendants provided the required notice to tipped employees to qualify for paying the tipped minimum wage to Individual Plaintiffs and the Rule 23 Class members; and

    (f) Whether Plaintiff and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

35. Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class, making class-wide relief appropriate.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by individual Rule 23 Class

members may be relatively small, the cost and burden of individual litigation would make it difficult, if not impossible, for individual members to seek redress for Defendants' violations. Individual class members lack the financial resources to conduct a full investigation into Defendants' compensation practices and vigorously prosecute a lawsuit. Class litigation is superior because it will avoid unduly duplicative litigation.

## VI.     FACTUAL ALLEGATIONS

37.   During their employment period, Individual Plaintiffs' work schedules varied weekly, ranging from three (3) to five (5) days per week.

38.   On average, Individual Plaintiffs worked four (4) days per week as servers for Defendants at Shaburo.

39.   When scheduled, Individual Plaintiffs' work shifts typically ran from 10:30 am to 10:30 ~ 45 pm.

40.   During their shifts, Individual Plaintiffs received a two-hour break on weekdays and a 1.5-hour break on weekends.

41.   Defendants maintained a uniform employment practice requiring that all servers and other food service workers at Shaburo follow the same shift schedule, with shifts starting at 10:30 AM and ending at 10:45 PM, including a two-hour break on weekdays and a 1.5-hour break on weekends.

42.   This policy applied uniformly to Individual Plaintiffs, the FLSA Collective members, and the Rule 23 Class members.

43.   Throughout their employment, Individual Plaintiffs, the FLSA Collective members, and the Rule 23 Class members never received proper notice explaining how their minimum wages would be affected due to receiving tips from customers.

44. For the day shift, approximately 20 employees—including kitchen employees, hosts, servers, and bussers—worked under Defendants' supervision.

45. Individual Plaintiffs are still currently employed at Shaburo.

**Improper Tip Deductions**

46. During the relevant employment period for each employee, Defendants hired Individual Plaintiffs, the FLSA Collective members, and the Rule 23 Class members.

47. Additionally, Defendants deducted an amount equal to 5% of the total daily sales from the tips earned by Individual Plaintiffs.

48. For example, if daily sales amounted to $1,000 and an Individual Plaintiff earned $200 in credit card tips that day, the Plaintiff was only paid $140 in credit card tips. This was because Defendants took: (1) $10.00 (5% of credit card tips totaling $200), and (2) $50.00 (5% of the total daily sales amount of $1,000).

49. To execute this scheme, cash transactions conducted daily became void, effectively ensuring that Defendants retained a portion of tipped employees' earnings.

50. This improper tip retention scheme was systematically applied to all tipped employees at Shaburo, including Individual Plaintiffs, the FLSA Collective members, and the Rule 23 Class members.

**Defendants' Control Over Plaintiffs and Class Members**

51. During the relevant employment period, Defendants hired Individual Plaintiffs, the FLSA Collective members, and the Rule 23 Class members.

52. During the relevant employment period, Defendants had the authority to fire Individual Plaintiffs, the FLSA Collective members, and the Rule 23 Class members.

53. During the relevant employment period, Defendants had the authority to supervise Individual Plaintiffs, the FLSA Collective members, and the Rule 23 Class members.

54. During the relevant employment period, Defendants had the authority to demote or promote Individual Plaintiffs, the FLSA Collective members, and the Rule 23 Class members.

55. During the relevant employment period, Defendants had the authority to discipline Individual Plaintiffs, the FLSA Collective members, and the Rule 23 Class members.

56. During the relevant employment period, Defendants had the authority to determine pay rates for Individual Plaintiffs, the FLSA Collective members, and the Rule 23 Class members.

57. During the relevant employment period, Defendants paid some wages to Individual Plaintiffs, the FLSA Collective members, and the Rule 23 Class members.

## Count I
## Violation of the Fair Labor Standards Act – Minimum Wages
**(On behalf of Individual Plaintiffs and the FLSA Collective)**

58. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

59. At all times relevant herein, Individual Plaintiffs and the FLSA Collective (i.e., servers and other tipped employees) were employees within the meaning of the FLSA.

60. At all times relevant herein, Defendants were the employer of Individual Plaintiffs and members of the FLSA Collective, engaging in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

61. At all times relevant herein, Defendants engaged in over $500,000.00 in annual sales or business.

62. Defendants suffered and permitted Individual Plaintiffs and the FLSA Collective to work, and both Individual Plaintiffs and the FLSA Collective did, in fact, perform work for

Defendants. However, Defendants failed to compensate them at the required minimum wage rate due to unlawful deductions and violations of tip credit requirements.

63. The tipped minimum wage is not applicable in this case because Defendants failed to meet the requirements for taking a tip credit under the FLSA. Specifically:

    (a) Defendants failed to provide Individual Plaintiffs and the FLSA Collective with the required tip-credit notice, explaining how their wages would be calculated and how tips would affect their hourly pay; and

    (b) Defendants unlawfully and improperly retained a portion of Individual Plaintiffs' and the FLSA Collective's tips by deducting 5% from credit card tips and an additional 5% of total daily sales, thereby invalidating any tip credit they may have claimed.

64. Due to Defendants' failure to provide proper tip-credit notice and their unlawful tip deductions, Individual Plaintiffs and the FLSA Collective were entitled to receive the full minimum wage rate as required under the FLSA, rather than the reduced tipped minimum wage.

65. As a result of Defendants' unlawful compensation policies, Individual Plaintiffs and the FLSA Collective were paid less than the federal minimum wage for hours worked.

66. At all times relevant herein, Individual Plaintiffs and the FLSA Collective were not exempt from the minimum wage provisions of the FLSA and were entitled to be compensated at least at the federal minimum wage rate.

67. Defendants' actions were willful, as they knowingly failed to provide the required tip-credit notice and intentionally deducted tips from Individual Plaintiffs and the FLSA Collective,

depriving them of lawful wages. Accordingly, Individual Plaintiffs and the FLSA Collective are entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit.

**Count II**
**Violation of the Fair Labor Standards Act – Overtime Pay**
**(On behalf of Individual Plaintiffs and the FLSA Collective)**

68. Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

69. At all relevant times herein, certain Individual Plaintiffs and members of the FLSA Collective regularly worked in excess of forty (40) hours per workweek.

70. At all relevant times herein, Defendants knew or should have known that certain Individual Plaintiffs and members of the FLSA Collective regularly worked in excess of forty (40) hours per workweek.

71. Defendants failed to pay these Individual Plaintiffs and members of the FLSA Collective proper overtime compensation for all hours worked in excess of forty (40) hours in each workweek, as required by the FLSA, 29 U.S.C. § 207, *et. seq.*

72. At all relevant times herein, Individual Plaintiffs and the FLSA Collective members who worked overtime were not exempt from the FLSA's overtime wage provisions and were entitled to compensation at a rate of at least one and one-half times the federal minimum wage for all overtime hours worked.

73. Individual Plaintiffs and the FLSA Collective members who were denied overtime compensation are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation was willful.

**Count III**
**Violation of the New Jersey Wage and Hour Law – Minimum Wages**
**(On behalf of Individual Plaintiffs and the Rule 23 Class)**

74. Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

75. At all relevant times herein, Individual Plaintiffs and the Rule 23 Class were employees of Defendants within the meaning of the NJ WHL.

76. At all relevant times herein, Defendants were the employers of Individual Plaintiffs and Rule 23 Class within the meaning of the NJ WHL.

77. The tipped minimum wage is not applicable in this case because Defendants failed to comply with the legal requirements for claiming a tip credit under New Jersey law. Specifically:

   (a) Defendants failed to provide Individual Plaintiffs and the Rule 23 Class with the required tip-credit notice explaining how their wages would be calculated and how tips would affect their hourly pay; and

   (b) Defendants unlawfully and improperly retained a portion of Individual Plaintiffs' and the Rule 23 Class members' tips by deducting 5% from their credit card tips and an additional 5% of total daily sales, effectively nullifying any tip credit claim.

78. Because Defendants failed to provide the required tip-credit notice and improperly withheld tips, Individual Plaintiffs and the Rule 23 Class were entitled to receive the full minimum wage rate under New Jersey law, rather than the reduced tipped minimum wage.

79. Defendants intentionally and willfully failed to pay Individual Plaintiffs and the Rule 23 Class the required minimum wage.

**Count IV**

### Violation of the New Jersey Wage and Hour Law – Overtime Pay
**(On behalf of Individual Plaintiffs and the Rule 23 Class)**

80.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

81.     At all relevant times herein, Defendants had a policy and practice of failing to pay certain Individual Plaintiffs and members of the Rule 23 Class overtime compensation at a rate of one and one-half times their regular hourly rate for hours worked in excess of forty (40) per workweek.

82.     Defendants' failure to pay proper overtime compensation violated the NJWHL.

83.     Defendants' failure to pay overtime wages was willful and not in good faith, as they knowingly implemented compensation policies that deprived Individual Plaintiffs and members of the Rule 23 Class of their lawful wages.

### Count V
### New Jersey Common Law – Conversion
**(On behalf of Individual Plaintiffs and the Rule 23 Class)**

84.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

85.     During the employment of Individual Plaintiffs and the Rule 23 Class, Defendants engaged in a repeated scheme to unlawfully retain and convert a portion of their earned tips by:

   (a) Deducting 5% from the credit card tips received from customers; and

   (b) Deducting an additional 5% of the total daily sales from their earned tips.

86.     This scheme was uniformly applied to all tipped employees at Shaburo, including Individual Plaintiffs and the Rule 23 Class members, depriving them of their rightful wages and earnings.

87. Defendants' actions were illegal, and despite any alleged justification, their intentional conduct was aimed at benefiting themselves at the direct expense of Individual Plaintiffs and the Rule 23 Class members.

88. Individual Plaintiffs and the Rule 23 Class are entitled to possession of the unlawfully retained tips, which rightfully belong to them and remain in the care, custody, control, or possession of Defendants.

89. As a consequence of Defendants' wrongful conduct, Individual Plaintiffs and the Rule 23 Class have been injured and are entitled to recover damages, including but not limited to financial losses, loss of income, compensatory and special damages, and any other relief as determined at trial.

## Count VI
### New Jersey Common Law – Unjust Enrichment
**(On behalf of Individual Plaintiffs and the Rule 23 Class)**

90. Plaintiffs reallege and incorporate by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

91. At all times relevant to this action, Defendants misappropriated and/or required Individual Plaintiffs and the members of the Rule 23 Class to turn over portions of their earned tips to Defendants.

92. At all times relevant to this action, Individual Plaintiffs and the Rule 23 Class were not permitted to retain the full amount of the tips they received from customers.

93. Defendants received financial benefit by wrongfully retaining tips that belonged to Individual Plaintiffs and the Rule 23 Class. Their retention of these tips was unjust and inequitable, as it deprived tipped employees of their rightful earnings.

**PRAYER FOR RELIEF**

**WHEREFORE**, Individual Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court enter an order:

a. Designating this action as a Collective Action on behalf of the FLSA Collective pursuant to 29 U.S.C. § 216(b) and promptly issuing a notice to all similarly situated FLSA opt-in plaintiffs, apprising them of the pendency of this action and permitting them to assert their FLSA claims by filing individual Consent to Sue forms;

b. Designating Individual Plaintiffs as the Representatives of the FLSA Collective;

c. Certifying the Rule 23 Class under Rule 23 of the Federal Rules of Civil Procedure for claims under the NJWHL and New Jersey common law;

d. Designating Individual Plaintiffs as the Class Representatives of the Rule 23 Class;

e. Declaring that the practices complained of herein are unlawful under the Fair Labor Standards Act, the New Jersey Wage and Hour Law, and New Jersey common law;

f. Enjoining Defendants, their officers, agents, successors, employees, and representatives from continuing the unlawful compensation policies and practices alleged herein;

g. Awarding unpaid minimum wages and overtime compensation due under the FLSA and NJ WHL to Individual Plaintiffs, the FLSA Collective, and the Rule 23 Class;

h. Awarding liquidated damages under the FLSA in an amount equal to 100% of the unpaid wages and overtime due, or liquidated damages under the New Jersey Wage Theft Act in an amount equal to 200% of the unpaid wages and overtime due, whichever provides the greater recovery;

i. Awarding restitution and compensatory damages for unlawfully retained tips and Defendants' unlawful conversion of Individual Plaintiffs' and the Rule 23 Class members' earned tips under the FLSA, NJWHL, and New Jersey common law;

j. Awarding the costs and expenses of this action together with reasonable attorneys' and expert fees;

k. Awarding the cost and disbursements of this action;

l. Awarding the prejudgment and post-judgment fees; and

m. Granting such other and further legal and equitable relief as the Court deems just, necessary, and proper.

Dated: April 7, 2025

       /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com